## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

2301 M CINEMA LLC D/B/A WEST END
CINEMA, et al.

                Plaintiffs,

    v.

SILVER CINEMAS ACQUISITION CO. D/B/A
LANDMARK THEATRES,

                Defendant.

Civil Action No. 1:17-cv-1990 (EGS)

# FILED

## NOV 1 9 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED MATERIALS

    The parties to the above-captioned matter (the "Action"), though their undersigned

counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure,

and the Court hereby ORDERS upon a finding of good cause, that this Stipulated Protective

Order shall govern the disclosure and use of confidential and privileged information in this

Action.

### DEFINITIONS GENERALLY

    1.  **Parties**. The term "Party" or Parties means a plaintiff or defendant in this Action,

including the officers, directors, and principals acting on behalf of a corporate Party or Parties.

"Parties" means any combination of plaintiffs or defendants in this Action or both them,

including the officers, directors and principals acting on behalf of corporate Parties.

    2.  **Non-Parties**. The term "non-party" means any individual, corporation, association, or

other natural person or entity that is not a party to the Action.

3.  **Document**. The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and includes all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

4.  **Privilege**. The term "privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

5.  **Confidential Material**. The term "Confidential Material" means any document, material or information supplied in any form, or any portion thereof, that the designating party believes in good faith contains confidential or proprietary commercial, research, or development information within the meaning of Fed. R. Civ. P. 26(c)(l)(G), commercially sensitive process or product information, or highly sensitive personal information of a party or non-party that is not generally disclosed to the public by that Party or person and that does not fall under a higher designation herein. Nothing in this paragraph, however, represents an agreement or acknowledgment that any

particular document containing the above information is appropriately classified as "Confidential Material."

6. **Highly Confidential-Outside Counsel Only Material**. The term "Highly Confidential-Outside Counsel Only Material" means any Confidential Material that: (i) is the subject of reasonable efforts to maintain its secrecy by the producing party or non-party; (ii) is sufficiently valuable and secret to afford a potential or actual advantage over others; and (iii) its disclosure to existing or potential business competitors, customers, or related parties would cause a material injury to the business, commercial, competitive, or financial interests of such producing party or non-party. By way of example, and not limitation, Highly Confidential-Outside Counsel Only Material may include trade secrets within the meaning of Fed. R. Civ. P. 26(c)(l)(G); board meeting minutes and commercially sensitive board materials; communications with government regulatory bodies concerning confidential investigations; negotiation strategies; commercial agreements; and non-public technical, sales, pricing, or other commercially sensitive information, including without limitation information or data relating to strategic plans, data received from a non-party under a current non-disclosure agreement, and confidential settlement negotiations and settlement agreements.

7. **Protected Material**. Confidential Material and Highly Confidential-Outside Counsel Only Material are collectively referred to as "Protected Material."

## GENERAL PROVISIONS

8. **Scope**. This Stipulated Protective Order governs all documents, materials, and information disclosed during the course of this Action in any form and for any purpose including, but not limited to, documents, materials, tangible objects, and information produced

by a party or non-party, disclosed through testimony or contained in pleadings, briefs, interrogatory responses, or other documents filed with the Court.

9. **Designating Protected Material**. An attorney or someone acting under the supervision of an attorney or any Party may designate documents as Confidential or Highly Confidential-Outside Counsel Only, and that material must be treated in accordance with the provisions of this Stipulated Protective Order. A designation by a party or non-party of Confidential or Highly Confidential-Outside Counsel Only Material shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Confidential or Highly Confidential-Outside Counsel Only Material. A party or non-party designating information as Confidential Material or Highly Confidential-Outside Counsel Only Material shall mark each page of the document containing such material as "Confidential" or "Highly Confidential-Outside Counsel Only." If all or a portion of written discovery responses are entitled to protection under this Order the entire response may be designated as Protected Material, provided, however, following service of such responses and upon request of the receiving party, the parties will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

10. **Objections to Confidentiality Designations or Treatment**. A party may at any time, in good faith, object to the designation of any document or specific information as Confidential Material or Highly Confidential-Outside Counsel Only Material, by stating its objection in a writing to the party or non-party making the designation that specifies by Bates number the document or information challenged for that document. All objections shall include a statement of the legal or factual basis for each objection. The parties shall meet and confer to discuss the objection within seven (7) business days. If the parties cannot reach agreement as to the

designation, the objecting party may move the Court for an order determining whether such document(s) has been properly designated. The designating party or non-party shall bear the burden of persuading the Court that the designated material is either Confidential Material or Highly Confidential-Outside Counsel Only Material. Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the producing party.

11. Protected Material shall not be entitled to a Confidential Material or Highly Confidential-Outside Counsel Only Material designation where: (a) such material was in the public domain at the time of, or has become public without violation of this Stipulated Protective Order since, its designation; or (b) the material was legally obtained by the receiving party from a source other than the producing party, and such material was obtained without any limitations on its use or disclosure. Nothing in this Stipulated Protective Order precludes any party from challenging a confidentiality designation on any other ground under applicable law.

## DISCLOSURE OF PROTECTED MATERIAL

12. **Confidential Material**. Except as provided in Paragraphs 18-21 and 29 below, and only as provided in 13, Confidential Material may be disclosed only to:

    a.  The parties;

    b.  The parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this Action;

    c.  The parties' counsel of record, which shall mean the parties' outside counsel who have appeared on behalf of a party in the Action and the partners, associates, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved in or assisting in this Action (including outside vendors or

contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing, programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised);

d.   the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters taking testimony involving such information, necessary stenographic and clerical personnel thereof;

e.   agents, employees or other representatives of the Parties or their counsel in connection with this Action;

f.   persons retained as consultants or experts by any party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action;

g.   persons whom the Confidential Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the document; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

h.   any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action, and any person assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 20 have been satisfied;

i.   any person hereafter designated by written stipulation of the parties or by further order of the Court; and

j.   any person to whom the producing party agrees in writing disclosure may be made.

13. Before any Confidential Material is disclosed to the persons identified above in Paragraphs 12(e)-(j)), such persons shall be provided with a copy of this Stipulated Protective Order and shall execute the Acknowledgment of Stipulated Protective Order attached as Exhibit A. Outside counsel shall retain the original copies of executed acknowledgment forms and need not disclose who has executed them during the course of this Action, unless the Court orders otherwise.

14. **Highly Confidential-Outside Counsel Only Material**. Except as provided in Paragraphs 18-21 and 29, and only as provided in Paragraph 15, Highly Confidential-Outside Counsel Only Material may be disclosed only to:

a.   The parties' counsel of record, which shall mean the parties' outside counsel who have appeared on behalf of a party in the Action and the partners, associates, paralegals, and clerical and support personnel working under the direct supervision of such counsel who are directly involved in or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing, programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system, acting under the direction of such counsel, whether or not the work of such vendors is directly supervised);

b.  the Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

c.  persons retained as consultants or experts by any party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action;

d.  persons whom the Highly Confidential-Outside Counsel Only Material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the document;

e.  any person hereafter designated by written stipulation of the parties or by further order of the Court; and

f.  any person to whom the producing party agrees in writing disclosure may be made.

15. Before any Highly Confidential-Outside Counsel Only Material is disclosed to the persons identified above in Paragraphs 14(c)-(f), such persons shall be provided with a copy of this Stipulated Protective Order and shall execute the Acknowledgment of Stipulated Protective Order attached as Exhibit A. Outside counsel shall retain the original copies of executed acknowledgment forms and need not disclose who has executed them during the course of this Action, unless the Court orders otherwise.

16. A receiving party may believe that it must show certain pieces of information marked "Highly Confidential-Outside Counsel Only" by a producing party to its clients to adequately prepare its case. If a receiving party believes that information falls within this category, it shall identify the information to the producing party by Bates number. The producing party will

provide a good faith response concerning its willingness (or lack of willingness) to permit the information to be shown to the in-house personnel within three (3) business days. If the producing party is unwilling to permit the receiving party to show the information to the receiving party's in-house personnel, the receiving party may then raise the matter with the Court.

17. Nothing in this Stipulated Protective Order shall limit the ability of any party or non-party to disclose to any person its own Confidential Material or Highly Confidential-Outside Counsel Only Material produced or designated in this Action.

18. **Limited Purpose**. Unless otherwise agreed to by the parties or further ordered by the Court, documents produced in this Action, including Protected Material, may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any purpose unconnected to this Action. However, to the extent a document is properly filed on the public docket for this Action, any party may use that publicly filed document, as filed, for any purpose.

19. All Confidential Material and Highly Confidential-Outside Counsel Only Material (including any summaries, abstracts, or other related information that includes, discusses, summarizes, or refers to any Highly Confidential-Outside Counsel Only Material) shall be kept in a secure location that is under the control of a person authorized by this Stipulated Protective Order to receive such information.

## USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION

20. **Depositions**. From the date of a deposition until thirty (30) business days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential-Outside Counsel Only Material in accordance with this Stipulated Protective Order unless the parties otherwise agree. Absent a timely written designation (or other agreement between the parties as

to timing) of some or all of the final transcript as Confidential Material or Highly Confidential-Outside Counsel Only Material, this presumptive designation shall lapse. The parties agree that, except in unique circumstances, an entire transcript will not ordinarily satisfy the criteria for Protected Material. The designation by a party or non-party of a transcript, exhibit, or videotape (or any portion of these) as Confidential Material or Highly Confidential-Outside Counsel Only Material shall be made in writing and served upon all counsel of record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding video, or portion thereof, and vice versa.

    a.   Subject to the terms of this Stipulated Protective Order and the Federal Rules of Civil Procedure, any party may use Confidential Material in the course of a deposition.

    b.   In addition, any party may use Highly Confidential-Outside Counsel Only Material in an examination of a witness at a deposition, provided that (i) the witness is among those person identified in paragraph 14(d) above; (ii) the witness is a person or entity (other than an entity that is a competitor of the producing party) whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the document, provided, however, that for such entities, the witness shall be shown only those portions of the document referencing such entity and such other portions necessary to provide context to portions referencing the entity; (iii) the witness is a person or entity (other than an entity that is a competitor of the producing party) who is expressly mentioned, discussed, or referred to by actual name in the material, and the examining party has a good-faith basis to believe the person or entity has knowledge of the information in or contents of the document containing the Highly Confidential-Outside Counsel Only Material to be disclosed, provided, however, that for entities, such

10

references bear on the issues in this Action and the entity-witness shall be shown only those portions of the document referencing such entity and such other portions necessary to provide context to portions referencing the entity; (iv) the witness is a person who the examining party has a good-faith reason to believe has or had lawful access to, and did access, the document containing the Highly Confidential-Outside Counsel Only Material to be disclosed; (v) the witness is a current employee of the producing party; (vi) the witness is a former employee of the producing party or non-party who had access to the specific document containing the Highly Confidential-Outside Counsel Only Material to be disclosed; or (vi) the witness is one of the persons identified in Paragraph 14(c). Absent any of these circumstances or order of the Court, the party wishing to use Highly Confidential-Outside Counsel Only Material in an examination of a witness must obtain consent from the producing party or entity, and such consent may not be unreasonably withheld.

21. **Filings, Hearings, and Similar**. The Court discourages the filing of any pleadings or documents under seal, and the parties shall avoid the disclosure of Protected Material in pleadings or documents filed with the Court except to the extent necessary.

    a. To the extent that a brief, memorandum, or pleading discloses any Protected Material, the brief, memorandum, or pleading shall initially be filed under seal. The cover of the pleading or memorandum shall be conspicuously marked "FILED UNDER SEAL" and shall identify if it contains Confidential Material or Highly Confidential-Outside Counsel Only Material. The document shall be treated consistent with the designated level of confidentiality.

b.  Documents filed under seal shall be filed electronically in conformity with Local Civil Rule 5.l(h)(l) and Part II.H.2 of the Clerk's Office General Information & Civil Filing Procedures.

c.  A copy of any document filed under seal shall also be delivered to the Judge's chambers.

d.  Promptly after a document is filed under seal, the filing party and the parties that produced the Protected Material shall meet and confer to agree upon redactions limited to information that may remain sealed under applicable law. The designating party bears the burden of demonstrating that the withheld material satisfies the terms of this Protective Order. The parties shall file a redacted version of the sealed document, within seven (7) days after the original document is filed under seal. A copy of the redacted version of the document shall be delivered to the Judge's chambers.

e.  Any remaining disputes concerning the appropriate redactions shall be resolved by the Court. The designating party bears the burden of demonstrating that the withheld material satisfies the terms of this Stipulated Protective Order.

f.  If a party wishes to discuss Protected Information during a hearing, the Court shall address at that time what procedures, if any, should be used to protect the information from public disclosure.

22. This Stipulated Protective Order governs only pretrial proceedings. The use of Protected Material during trial proceedings shall be governed by a separate order of the Court.

## REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

23. Any party or non-party (or counsel to any party or non-party) that becomes aware of any unauthorized disclosure of Protected Material or any breach of this Stipulated Protective Order

shall promptly give notice to the party or non-party that produced or supplied the Protected

Material of such circumstances, including a reasonable description of the circumstances that led

to the unauthorized disclosure. Upon receipt of such notice, the party or non-party that produced

or supplied the Protected Material may seek such other relief as is appropriate. In any event, the

party or non-party that made the unauthorized disclosure shall immediately use its best efforts to

retrieve such information and to prevent further disclosure.

## SUBPOENAS COMMANDING PRODUCTION OF PROTECTED MATERIAL

24. If any party has obtained Protected Material under the terms of this Stipulated Protective

Order and receives a subpoena, civil investigative demand, or other compulsory process

commanding the production of such Protected Material, the party shall promptly notify the

counsel of record for the designating party or non-party, in writing (including, but not limited to,

by e-mail). The designating party or non-party shall promptly inform the subpoenaed party either

that it does not object to production of the Protected Material or that it will seek court protection

to prevent the production. If the designating party or non-party fails to provide the subpoenaed

party with a response, the subpoenaed party may produce the Protected Material after ten (10)

business days following the subpoenaed party's notification of the subpoena to the designating

party or non-party. In the event the designating party or non-party informs the subpoenaed party

that it will seek court protection to prevent the production, and promptly does so, the subpoenaed

party shall not produce any Protected Material without the prior written consent of the

designating party or non-party unless required by an order of a court of competent jurisdiction.

The designating party or non-party shall bear the burden and expense of seeking protection for

its Protected Material.

## PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

25. The production of Protected Material without a designation as Confidential Material or Highly Confidential-Outside Counsel Only Material, as the case may be, shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon a party or non-party's discovery that its information was not correctly designated, that party or non-party shall provide notice to the other parties that the information was inappropriately designated. The producing party or non-party shall then have ten (10) business days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number.

26. If an inadvertently omitted Confidential or Highly Confidential-Outside Counsel Only Material designation is first claimed during the course of a deposition, hearing or proceeding, that Protected Material may be used throughout the deposition, hearing, or proceeding as though no designation was made, but must be treated as though that designation was made immediately afterwards.

27. Additionally, upon notice that any Confidential Material or Highly Confidential-Outside Counsel Only Material has not been appropriately designated and receipt of the reproduced document with the appropriate confidentiality stamp, the party receiving such notice shall return or destroy all incorrectly marked Protected Materials. Upon notice, the receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in

conformity with any such re-designation. The receiving party shall thereafter treat the documents consistent with the designated level of confidentiality. No party is deemed to violate this Stipulated Protective Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation. If Protected Material is already a part of the public record, it is the responsibility of the party who changed the designation to move the Court for appropriate relief. Regardless of when the re-designation occurs, the receiving parties may challenge the re-designation under the procedures set forth herein.

## MISCELLANEOUS PROVISIONS

28. Nothing contained in this Stipulated Protective Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Action or in any other proceeding.

29. Nothing contained in this Stipulated Protective Order shall affect the rights of the parties or non-parties to object to discovery, nor shall it relieve a party or non-party of its obligation to properly respond or object to discovery requests, nor shall it preclude any party or non-party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

30. The parties reserve all rights to apply to the Court for any order modifying this Stipulated Protective Order. Any party or non-party requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

31. Nothing in this Stipulated Protective Order shall affect a party's right to object to disclosure of Protected Material to another party or non-party.

32. Nothing contained in this Stipulated Protective Order shall affect the ability of the parties to alter by agreement the time periods set forth in this Stipulated Protective Order.

33. When serving subpoenas on non-parties, a copy of this Stipulated Protective Order (including Exhibit A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Stipulated Protective Order.

34. The provisions of this Stipulated Protective Order shall survive the conclusion of the Action.

## COMPLETION OF LITIGATION

35. Within ninety (90) calendar days after the resolution of the Action (including resolution of all appellate proceedings and resolution of any motions arising out of this proceeding relating to third parties still pending after resolution of the Action), all documents and copies of all documents (other than exhibits of record) produced or supplied by a party or non-party that contain Protected Material shall be either returned to the party or non-party who produced or supplied the Protected Material, as the case may be, or destroyed. Upon request of the party who produced or supplied the Protected Material, all counsel of record who received such documents shall certify compliance herewith and shall deliver the same to counsel for the party who produced or supplied the Protected Material.

36. This Stipulated Protective Order may be signed in counterparts.

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| 2301 M CINEMA LLC D/B/A WEST END CINEMA, et al. <br><br> Plaintiffs, <br><br> v. <br><br> SILVER CINEMAS ACQUISITION CO. D/B/A LANDMARK THEATRES, <br><br> Defendant. | Civil Action No. 1:17-cv-1990 (EGS) |

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED MATERIALS

I CERTIFY THAT I HAVE RECEIVED A COPY OF THE STIPULATED PROTECTIVE ORDER DATED NOVEMBER 12, 2018 ("STIPULATED PROTECTIVE ORDER").

I FURTHER CERTIFY THAT I HAVE READ OR AM OTHERWISE FAMILIAR WITH AND UNDERSTAND THE CONTENTS OF THIS STIPULATED PROTECTIVE ORDER.

I UNDERSTAND AND AGREE TO COMPLY WITH THE STANDARDS AND PROCEDURES THAT ARE SET FORTH IN THE ORDER. I UNDERSTAND THAT COMPLIANCE WITH THESE STANDARDS AND PROCEDURES IS A CONDITION OF RECEIPT OF CONFIDENTIAL MATERIAL AND THAT A FAILURE TO COMPLY MAY CONSTITUTE CONTEMPT OF COURT. I AGREE TO CONSENT TO JURISDICTION OF THIS COURT FOR THE PURPOSE OF ENFORCING THIS STIPULATED PROTECTIVE ORDER.

DATE:_____

NAME:_____

ADDRESS:_____

TELEPHONE:_____

SIGNATURE:_____

Dated November 12, 2018

Respectfully Submitted,

| **HAUSFELD LLP** | **PERKINS COIE LLP** |
|---|---|
| */s/ Sathya Gosselin* | */s/ Barry Reingold* |
| Sathya S. Gosselin (D.C. Bar No. 989710) | Barry J. Reingold, Bar No. 942086 |
| Michael D. Hausfeld (D.C. Bar No. 153742) | BReingold@perkinscoie.com |
| Sarah LaFreniere (D.C. Bar No. 1034183) | 700 Thirteenth Street, N.W., Suite 600 |
| 1700 K Street, NW | Washington, DC 20006-3960 |
| Suite 650 | Telephone: 202.654.6200 |
| Washington, DC 20006 | Facsimile: 202.654.6211 |
| Phone (202) 540-7200 | |
| sgosselin@hausfeld.com | Thomas L. Boeder |
| mhausfeld@hausfeld.com | *Admitted Pro Hac Vice* |
| slafreniere@hausfeld.com | TBoeder@parkinscoie.com |
| | 1201 Third Avenue, Suite 4900 |
| Irving Scher (admitted *pro hac vice*) | Seattle, WA 98101-3099 |
| 33 Whitehall Street | Telephone: 206.359.8000 |
| 14th Floor | Facsimile: 206.359.9000 |
| New York, NY 10004 | |
| Phone (646) 357-1100 | |
| ischer@hausfeld.com | *Attorneys for Silver Cinemas* |
| | *Acquisition* |
| | *Co. d/b/a Landmark Theatres* |
| *Attorneys for 2301 M Cinema LLC D/B/A* | |
| *West End Cinema, Avalon Theatre* | |
| *Project,* | |
| *Inc., Denver Film Society D/B/A Sie Film* | |
| *Center, Cinema Detroit* | |

\*    \*    \*    \*    \*    \*    \*

IT IS SO ORDERED.

DATED: November 1 8 2018

The Honorable Emmet G. Sullivan
United States District Judge