EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| 2301 M CINEMA LLC D/B/A/ WEST END CINEMA, et al.<br><br>                  Plaintiffs,<br><br>     v.<br><br>SILVER CINEMAS ACQUISITION CORP. D/B/A LANDMARK THEATRES,<br><br>                  Defendant. | Civil Action No. 1:17-cv-1990 (EGS) |

**DEFENDANT LANDMARK THEATRES'**
**FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS**

**TO:**      Plaintiffs West End Cinema, The Avalon Theatre Project, Inc., Denver Film Society, and Cinema Detroit.

**AND TO:**  Michael David Hausfeld, Sathya S. Gosselin, Sarah R. LaFreniere at Hausfeld LLP, 1700 K. Street, NW, Suite 650, Washington DC, 20006, and Irving Scher at Hausfeld LLP, 33 Whitehall Street, 14th Floor, New York, NY 10004, and Kathryn A. Reilly, Natalie Elizabeth West at Wheeler Trigg O'Donnell LLP, 370 17th St., Suite 4500, Denver, CO 80202.

Pursuant to Federal Rules of Civil Procedure 26 and 34, West End Cinema, The Avalon Theatre Project, Inc., Denver Film Society, and Cinema Detroit ("Plaintiffs," or "You," or "Your") are hereby requested to produce the documents identified below for inspection and copying at a time and place to be agreed upon by the parties.

## DEFINITIONS

As used in these requests for production, the following terms have the meanings described below:

1.      "All" means all or any, and the term "any" means all or any.

2.      "Allocation" means a decision by a distributor as to which theater(s) to license a film(s) in a film licensing zone where more than one exhibitor competes to obtain a license to exhibit the film(s).

3.      "Clearance" means or refers to an agreement between an exhibitor and a distributor for the exclusive right to exhibit film(s) within specified film licensing zone(s).

4.      "Circuit deal" or "circuit dealing" means or refers to a practice or course of conduct whereby the licensing of films are done by one or more distributors other than on a theater-by-theater, film-by-film basis in a competitive film licensing zone(s).

5.      "Communication" means any exchange or transmission of words or ideas from one person to another, including, without limitation, by personal meeting, telephone, facsimile, exchange of electronically stored information (including but not limited to electronic mail), memorandum, letter, notes, and teleconference.

6.      "Complaint" means and refers to Plaintiffs' Complaint, Dkt. No. 1.

7.      "Defendant" or "Landmark" means Defendant Silver Cinemas Acquisition Co. d/b/a Landmark Theatres.

8.      "Distributor" means any individual or entity responsible for licensing films.

9.      "Document" means, without limitation, all tangible preservations of information, including writings, recordings, and photographs, along with all electronically stored information, information preserved on computers, and any non-identical copies (whether different from the originals because of notes made on such copies, because such copies were sent to different individuals, or for any other reason) and drafts.

10.     "Electronically Stored Information" or "ESI" has the same meaning ascribed in the Stipulation and Order Regarding Production of Documents and Electronically Stored Information, Dkt. No. 35.

11.     "Exhibitor" means any person or entity that operates one or more theaters in which films are exhibited or shown to the public.

LEGAL142249779.4

12.     "Person" means any natural person and, without limitation, firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof, and any other type of legal entity.

13.     "Plaintiffs" means and includes West End Cinema, The Avalon Theatre Project, Inc., Denver Film Society (also known as Sie FilmCenter), and Cinema Detroit.  The phrase "with respect to each Plaintiff" means that each Plaintiff is to respond to the request as it applies to them.

14.     "You," "Your," or any similar word or phrase includes each individual or entity responding to these requests and, where applicable, each person or entity acting on each Plaintiff's behalf.

15.     The connectives "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all documents that might otherwise be construed to be outside of its scope.

16.     The singular includes the plural and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## INSTRUCTIONS

1.     These requests are to be answered separately and fully, in writing and under oath, within thirty (30) days of the date of service on you.

2.     The original and each non-identical copy of each document or discrete portion of ESI requested herein that is in Your possession, custody, or control is to be produced.  If the original is not in Your possession, custody, or control, a full, clear, legible copy thereof is to be produced.

- 3 -

3.      Each request shall be answered fully unless it is in good faith objected to.  If You object, the reasons for Your objection shall be stated in detail.  If an objection pertains to only a portion of a request, or a word, phrase, or clause contained within a request, You are required to state Your objection to that portion only and respond to the remainder of the request using Your best efforts to do so.

4.      For each document and for all ESI produced in response to these requests, please identify the custodian and/or person from whose files the document or ESI is produced.

5.      If You have no documents or ESI responsive to a particular request, please state so affirmatively.

6.      If any responsive document or ESI was, but no longer is, in Your possession, custody, or control, state precisely what disposition was made of it, and identify the person who ordered or authorized such disposition.

7.      Each document and all ESI shall be produced in formats consistent with the Stipulation and Order Regarding Production of Documents and Electronically Stored Information, Dkt. No. 35.

8.      If any request is deemed to call for privileged documents, and such privilege is asserted to avoid production, follow the procedures outlined in the Stipulation and Order Regarding Production of Documents and Electronically Stored Information, Dkt. No. 35.

9.      If, in responding to any of these requests, You encounter any ambiguity in construing the request or any definition or instruction relevant to the request, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

10.     Unless otherwise specified or clearly required by the context of a particular request, the applicable time period for the requested documents is January 1, 2010 to the present.

11.     Landmark reserves the right to propound additional document requests.

- 4 -

12.     To the extent provided by Federal Rule of Civil Procedure 26(e), the requests

propounded herein shall be deemed continuing.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1.**   With respect to each Plaintiff, produce all

documents identified, mentioned in, or relied upon in answering Landmark's First Set of

Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.**   With respect to each Plaintiff, produce each

document in Your possession, custody, or control that refers or relates to the subject matter of

this litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.**   With respect to each Plaintiff, produce all

documents relating to the licensing or attempt(s) to license film(s) for exhibition at Your

theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.**   With respect to each Plaintiff, produce all

documents that mention, refer, or relate to any actual or proposed clearance(s), or to the concept

of clearances generally.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.**   With respect to each Plaintiff, produce all

documents that refer to any theater(s) other than one of Landmark's theaters as being competitive

with Your theater(s).

**RESPONSE:**

LEGAL142249779.4

**REQUEST FOR PRODUCTION NO. 6.**   With respect to each Plaintiff, produce all documents that mention, refer, or relate to any exhibitor other than Landmark in the same film licensing zone as Your theater(s) that requested a clearance over Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7.**   With respect to each Plaintiff, produce all documents evidencing or reflecting communications between You and any third party(ies) involved in the booking or licensing of film on Your behalf that mention, refer, or relate to any of Landmark's theaters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.**   With respect to each Plaintiff, produce all documents that compare and/or contrast any aspect, quality, or attribute—including, but not limited to appearance, capacity, seating, projection equipment, ticket or concession prices, and box office receipts—of Your theater(s) and any other theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.**   With respect to each Plaintiff, produce documents sufficient to show the amount of expenses incurred relating to advertising and promotion at Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.** With respect to each Plaintiff, produce documents sufficient to identify every person who has ever booked and/or licensed film on behalf of Your theater(s) during the time period(s) stated in response to Interrogatory No. 2, as well as the time period(s) during which each individual was engaged in such activities.

**RESPONSE:**

- 6 -

**REQUEST FOR PRODUCTION NO. 11.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark has market power, monopoly power, or circuit power, in any market(s) or film licensing zone(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark has harmed competition in any market(s) or film licensing zone(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark, through use of market power, monopoly power, or circuit power, has precluded You from obtaining film allocations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark has used its alleged market power, monopoly power, or circuit power to coerce, threaten, extort, or induce distributors to grant clearances for Landmark, including, but not limited to Your allegation that distributors accede to Landmark's demands to avoid retribution from Landmark.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 29 the Complaint that, "in the applicable markets, distributors have denied Plaintiffs access to *virtually every Specialty Film* for which Landmark has demanded a clearance against Plaintiffs."

**RESPONSE:**

- 7 -

**REQUEST FOR PRODUCTION NO. 16.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark's alleged clearance practice or policy reduces output.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark's alleged clearance practice or policy artificially inflates prices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark's alleged clearance practice or policy reduces consumer choices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 18 of the Complaint that "Landmark is aggressively expanding its market share with new theaters opening on a regular basis."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that consumers generally do not travel into, or outside of Your alleged geographic market(s) to attend film screenings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in the Complaint that Landmark forces

- 8 -

distributors to act against their own economic interests or accede to particular terms, even though individual market conditions allegedly do not justify them.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.** With respect to each Plaintiff, produce all documents that You contend support Your allegations in paragraphs 75 and 77 of the Complaint that "distributors are better off having their films exhibited in more theaters over the course of their first-run release to maximize revenue," and "it would be in a distributor's economic interest to license Specialty Films to both Landmark theaters and Plaintiffs."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 75 of the Complaint that "distributors have informed Plaintiffs that the only reason they were refusing to license a particular Specialty Film was because of clearances demanded by Landmark[.]"

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 76 of the Complaint that when "a Plaintiff has been able to obtain a license to exhibit a Specialty Film at the same time as a local Landmark, gross sales for the film have increased," but "when Landmark has obtained a clearance, the distributor's overall revenue has decreased and fewer consumers have viewed the film."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 78 of the Complaint that

- 9 -

"[f]or many patrons, Plaintiffs provide a more desirable moviegoing experience than Landmark's theaters due to distance, convenience, and/or amenities."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraphs 59 and 60 of the Complaint that Landmark engages in anticompetitive conduct in St. Louis.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraphs 59 and 61 of the Complaint that Landmark engages in anticompetitive conduct in Houston.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraphs 59 and 62 of the Complaint that Landmark engages in anticompetitive conduct in San Francisco.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 30 of the Complaint that "Landmark clears other independent theaters in the same manner in most other geographic markets in which Landmark shows Specialty Films."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30.** With respect to each Plaintiff, produce all documents that You contend support Your allegation in paragraph 30 of the Complaint that "licenses with Landmark are essential to the commercial success of most of the Specialty Films they distribute."

- 10 -

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31.** With respect to each Plaintiff, produce documents sufficient to identify the alleged "optimal combination of theaters to screen a Specialty Film," as that phrase is used in paragraph 9 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32.** With respect to each Plaintiff, produce all documents reflecting communications that You have had with any distributor(s) regarding Landmark or any of its theaters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33.** With respect to each Plaintiff, produce all documents that evidence or relate to any prospective or actual contract or agreement (including any drafts or unsigned versions thereof) with which You contend Landmark unlawfully interfered.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34.** With respect to each Plaintiff, produce documents sufficient to show Your organizational structure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35.** With respect to each Plaintiff, produce all documents that mention, refer, or relate to any customer complaint(s) related to Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36.** With respect to each Plaintiff, produce documents sufficient to identify the "few exceptions" referenced in paragraph 56 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37.** With respect to each Plaintiff, produce documents sufficient to show the average ticket price for Your theater(s) for each year it has been in operation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38.** With respect to each Plaintiff, produce documents sufficient to show the number and size of screens, as well as seats per screen, at Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39.** With respect to each Plaintiff, produce documents sufficient to show the number of theaters You operate, including but not limited to those named in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40.** With respect to each Plaintiff, produce documents sufficient to identify the projection equipment and system(s), as well as sound equipment and system(s) at Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41.** With respect to each Plaintiff, produce documents sufficient to show the amenities at Your theater(s), including but not limited to food and beverage offerings, valet service, and quality of seats.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42.** With respect to each Plaintiff, produce documents sufficient to show any remodel, expansion, or upgrade at each of Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43.** With respect to each Plaintiff, produce all documents that mention, refer, or relate to the demographics of patrons at Your theater(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44.** With respect to each Plaintiff, produce all documents that mention, refer, or relate to any failure to make film rental payments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45.** With respect to each Plaintiff, produce all documents, without limitation to time period, that mention, refer, or relate to Neighborhood Flix Cinema & Café.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46.** With respect to each Plaintiff, produce all documents that mention, refer, or relate to any of the following films:

      a.   Moonlight
      b.   My Cousin Rachel
      c.   Hell or High Water
      d.   Birdman
      e.   Spotlight
      f.   Room
      g.   The Illusionist
      h.   Anita
      i.   The Lunchbox
      j.   Love and Friendship
      k.   An Inconvenient Sequel
      l.   The Beguiled
      m.   Their Finest
      n.   Manchester By the Sea
      o.   RBG
      p.   Wont' You Be My Neighbor?
      q.   Three Identical Strangers
      r.   Don't Worry, He Won't Get Far on Foot
      s.   Hunt for the Wilderpeople
      t.   Your Name

**RESPONSE:**

- 13 -

Dated:  December 5, 2018

Respectfully submitted,

**PERKINS COIE LLP**

By: _____
    Thomas L. Boeder
    Admitted Pro Hac Vice
    TBoeder@perkinscoie.com
    Alison R. Caditz
    Admitted Pro Hac Vice
    ACaditz@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, WA  98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

    Barry J. Reingold
    D.C. Bar No. 942086
    BReingold@perkinscoie.com
    700 Thirteenth Street, N.W., Suite 600
    Washington, D.C.  20005-3960
    Telephone:  202.654.6200
    Facsimile:  202.654.6211

*Attorneys for Defendant Silver Cinemas Acquisition Co. D/B/A Landmark Theatres, et al.*

- 14 -

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury and the laws of the State of Washington that on December 5, 2018, I caused service of the foregoing, DEFENDANT LANDMARK THEATRES' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS, via email to all counsel of record herein.

Sathya S. Gosselin
Sarah R. LaFreniere
Michael David Hausfeld
Hausfeld LLP
1700 K. Street, NW
Suite 650
Washington DC, 20006

*Attorneys for Plaintiffs 2301 M Cinema LLC D/B/A West End Cinema, Avalon Theatre Project, Inc., Denver Film Society, Cinema Detroit*

___ Via hand delivery
___ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
___ Other: _____

Irving Scher
Hausfeld LLP
33 Whitehall Street,
14th Floor,
New York, NY 10004

*Attorneys for Plaintiffs 2301 M Cinema LLC D/B/A West End Cinema, Avalon Theatre Project, Inc., Denver Film Society, Cinema Detroit*

___ Via hand delivery
___ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
___ Other: _____

Kathryn A. Reilly
Natalie West
Wheeler Trigg O'Donnell LLP
370 17th St., Suite 4500,
Denver, CO 80202

*Attorneys for Plaintiffs Denver Film Society*

___ Via hand delivery
___ Via U.S. Mail, 1st Class, Postage Prepaid
___ Via Overnight Delivery
___ Via Facsimile
_X_ Via Email
___ Other: _____

Date:  December 5, 2018

By: _____
Thomas L. Boeder
*Attorneys for Defendant Silver Cinemas Acquisition Co. D/B/A Landmark Theatres, et al.*